West'n. District.
*October*, 1829.

BOULDEN & AL.
*vs.*
HUGHES.

———

*LEWIS & AL. vs. BEATTY.*

APPEAL from the sixth district court, the judge of the seventh presiding.

MATHEWS, J. delivered the opinion of the court. This is a suit brought to recover a

Parol evidence of the contents of a deed cannot be received, without proof of its loss or destruction.

West'n. District.
*October*, 1829.

LEWIS & AL.
*vs.*
BEATTY.

slave, to which the plaintiffs set up title, under an act of donation from one of their relations. They obtained judgment in the court below, from which the defendant appealed.

The evidence offered in support of the plaintiffs' title, consists principally of the testimony of witnesses who were examined on interrogatories, under a reservation of the right to except to the evidence thus offered. It appears from the petition, that the appellees rely on a donation to them, which is alleged to have been made in writing, in the state of Georgia, by their uncle, George Lewis, and that the deed was recorded in that state, and the original delivered to John and Rosana Nugent. This deed was not produced on the trial of the cause, nor was any copy offered, as coming from the records of the state of Georgia; but the circumstance of Nugent and his wife having removed to the neighboring Spanish province of Texas, and probably carried with them the deed in question, the plaintiffs insist on as sufficient to authorise them to prove the contents of said instrument, in pursuance of our laws on the subject of lost papers, &c.

In the present case, there is no evidence, on which to found a belief, that the written instrument is actually lost or destroyed. On the contrary, the whole testimony of the case seems to establish its existence in the hands of Nugent or his wife, and no attempt has been made by the appellees to procure it, although situated in a neighboring state or province; neither do they appear to have made any exertions to procure a copy from the records of the state of Georgia, which would certainly tend much to show the genuineness of the deed, as it must be presumed to have been admitted to record only after proof, and, in case of loss of the original, would be the next best evidence.

Under these circumstances, it is believed, the judge *a quo* erred, in admitting the oral testimony, and as, without it, the plaintiffs' claim is wholly devoid of evidence to support it, the judgment of the district court must be reversed.

It is therefore ordered, adjudged and decreed, that the judgment of the court below be avoided, reversed and annulled: and it is further ordered, that judgment be here enter-

ed, as in cases of non-suit, and that the appellees pay costs in both courts.

*Flint* for plaintiffs, *Scott* for defendant.